[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTIFF'S MOTION FOR CONTEMPT (#105) AND DEFENDANT'S MOTION FOR MODIFICATION (#106)
The parties' marriage was dissolved by judgment entered January 24, 1995 after an uncontested hearing. A separation agreement was approved and incorporated by reference.
The plaintiff's motion alleges that the defendant has failed and refused to comply with three provisions of their agreement. CT Page 6653
The first allegation is the defendant's failure to comply with Paragraph 2.1 wherein he is obliged to pay a total of $63,000 annually with an additional amount due if his earned income exceeds $460,000. The plaintiff was not paid $19,452 and an additional $6,300 due on January 15, 1998.
The cited paragraph must be read together with the following paragraph 2.2 that states:
 "In the event that the Husband's earned income is less than $250,000.00 per year in any calendar year, . . . [if the parties cannot agree] . . . the dispute shall then be submitted to the Court . . . for possible reduction of the Alimony obligation." [Italics and emphasis supplied]
The defendant earned gross pay of $194,682 in 1997 (Plaintiff's Exhibit #3). The defendant's position is that his alimony obligation should be reduced by 22% since his actual earnings for 1997 is 22% less than the $250,000 established by paragraph 2.2. Since the agreement itself obliges the parties to review the alimony obligation in the event the defendant's income falls below $250,000 in a year, and .
. . "if they are unable to agree upon an appropriate amount as the agreement for periodic alimony, the dispute, shall be submitted to a court of competent jurisdiction for possible reduction of the alimony obligation." (emphasis added)
The court cannot find a wilful contempt in light of the separation agreement's terms.
The court finds that the defendant's analysis of the provisions to be reasonable and appropriate. The court finds the agreement allows the defendant to pay 22% less than the $63,000. His obligation totals $49,140 for 1997. He overpaid $7,000 in 1996 which, when added to the $43,000 paid for 1997, more than meets his obligation for the year.
The plaintiff's argument hinges on an alternate interpretation of paragraph 2.2. The plaintiff asserts that the paragraph makes the court's determination subject to the requirements of § 46b-86 (a). If that be the case, then paragraph 2.2 is redundant. The paragraph is intended to allow the procedure urged by the defendant and adopted by the court. CT Page 6654
The plaintiff emphasizes the term "possible modification" and it is correct that the wording is different than the preceding paragraph 2.1. The court reads the language as indicating that the adjustment downward in any one year as not being automatic, e.g. the reduction being so slight as not warranting any change.
The defendant's motion seeks restructuring of his payments since his income payments have been altered. The court finds that the defendant should budget for the payments. It is possible that his pay arrangements could be restructured in the future. A substantial change contemplates increase or decrease in compensation, not the alteration of due dates.
The remaining two items alleged in the plaintiff's motion are found to be satisfied by the defendant.
The plaintiff's motion is denied.
The defendant's motion is denied.
No counsel fees are awarded.
HARRIGAN, J.